IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Calvin Goodman, #270466, | ) | |
| | ) | No. 1:13-cv-594-RMG |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Wayne McCabe, Warden of Lee Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court dismiss this action with prejudice for failure to prosecute and further grant Respondent's motion for summary judgment. (Dkt. No. 24). For the reasons set forth below, the Court adopts the R&R in part and dismisses this action on its merits.

**Background**

On March 4, 2013, Plaintiff filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC, this matter was referred to a Magistrate Judge for pretrial handling. On July 17, 2013, Respondent filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Dkt. No. 19). The Magistrate Judge then issued a *Roseboro* order directing Petitioner to file a response to Respondent's motion by August 22, 2013, and advising him of the potential consequences of failing to respond. (Dkt. No. 20). Petitioner did not file a response by that date. The Magistrate Judge then issued an order directing Petitioner to advise the Court by September 6, 2013, whether he wished to continue with the case. (Dkt. No. 22). Again, this date passed with no response from Petitioner. The Magistrate Judge then issued the present R&R recommending the Court dismiss this action with prejudice for failure to prosecute and further

1

grant Respondent's motion for summary judgment on its merits. (Dkt. No. 24). Petitioner then submitted a request for an extension of time to respond to the motion for summary judgment asserting that conditions at his facility prevented him from filing a timely response. (Dkt. No. 26). The Court granted this request and instructed Petitioner to respond to the portion of the R&R addressing the merits of his claim. (Dkt. No. 27). Petitioner then filed a response. (Dkt. No. 32).

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

**Discussion**

After review of the record and the R&R, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts that part of the R&R addressing the merits of Respondent's motion for summary judgment. The Court finds that dismissal of this action with prejudice for failure to prosecute is not appropriate here because Petitioner represented that conditions at his facility prevented him from filing a timely response to the motion for summary judgment. Fed. R. Civ. P. 41(b). Thus, the Court rejects that portion of the R&R recommending dismissal for failure to prosecute.

However, the Court agrees with the Magistrate Judge's thorough analysis regarding the application of AEDPA's statute of limitations to the facts of this case and agrees that it operates to bar this action. 28 U.S.C. § 2254(d). Petitioner's response to the R&R discusses at length his argument regarding ineffective assistance of counsel, but completely fails to address the statute of limitations applicable to his petition. (Dkt. No. 32). Therefore, the Court adopts the Magistrate Judge's recommendation that Respondent's motion for summary judgment, (Dkt. No. 19), be granted on its merits pursuant to AEDPA's statute of limitations.

## Conclusion

As set forth above, the Court adopts that portion of the R&R granting Respondent's motion for summary judgment on its merits. (Dkt. No. 24). Accordingly, the Court GRANTS Respondent's motion for summary judgment. (Dkt. No. 19).

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

October 7, 2013
Charleston, South Carolina